Hadfield *v.* American Society of Composers, Authors & Publishers, Appellant.

Argued October 1, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Frank R. Ambler,* for appellants.

*Colbert C. McClain,* for appellee.

OPINION BY RENO, J., December 29, 1953:

Claimant, widow of William J. Hadfield, filed a petition for workmen's compensation on behalf of herself and minor child for the death of her husband. The petition set forth that deceased died on June 22, 1951 as the result of injuries sustained while driving an automobile in the course of his employment. An answer was filed in which it was denied that Hadfield was in the course of his employment at the time of his death. The referee found that deceased was in the course of his employment and awarded compensation to the minor child but disallowed the claim of the widow because she was not living with or dependent upon deceased at the time of his death. No appeal was taken by the widow. The Workmen's Compensation Board affirmed the award of the referee, and the court below, on appeal by defendant and its insurance carrier, sustained the award and entered judgment thereon. This appeal was taken by the employer and its insurance carrier.

The facts, which are not in dispute, disclose that Hadfield was employed as an investigator for The American Society of Composers, Authors and Publishers, and worked out of their office in the Lincoln-Liberty Building, Philadelphia. His duties consisted of visiting various restaurants, cafes and taprooms for the purpose of determining whether or not the music and entertainment furnished in these establishments

was licensed by his employer. He was paid a weekly wage of $50. He was given a company car and was assigned to the territory of Eastern Pennsylvania and Delaware. His time was his own and he worked when it was appropriate for him to make his investigations. In the five weeks preceding the accident which occurred on Friday, June 22, 1951, Hadfield had worked on Friday nights in the West Philadelphia district of his territory and had turned in his reports to his employer. Earlier in the day of the accident he had worked in Wilkes-Barre but had returned to Philadelphia to make a special investigation requested by his superior. This investigation was made with a fellow-employe at a restaurant on Chestnut Street in Philadelphia. In the course of this investigation the two field representatives had dinner at the restaurant with a young lady known to Hadfield. Shortly after 7 p.m., accompanied by the young lady, Hadfield went to the garage where his company car was stored and there, by chance, met his superior who expressed his disapproval when told by Hadfield that he was going to take the young lady home in the company car and cautioned him not to do so again. Both Hadfield and the young lady lived in West Philadelphia. As he was driving westward over the Walnut Street Bridge towards West Philadelphia the car skidded, struck a trolley pole, and Hadfield received injuries from which he died the next day in the Presbyterian Hospital.

The sole question for determination is whether the deceased was fatally injured in the course of his employment.

The referee's tenth finding of fact, affirmed by the Board, is as follows: "That the decedent was actually engaged in the course of his employment for the defendant at the time of the accidental injury, in view of the additional statements made at the hearing before

the Referee by the defendant's representative to the effect that the decedent was operating an automobile furnished by the defendant employer; that he could not say that the decedent was not then working; and finally that he assumed the decedent 'would naturally work that night' (when the accidental injury occurred)."

Appellants maintain the facts show deceased was engaged solely upon a personal mission which was entirely for his own benefit and pleasure at the time of his fatal injury and contend there was no competent evidence that deceased was actually engaged in furthering the business of his employer at the time of his death and therefore he was not in the course of his employment. Appellants' contention cannot be sustained.

Whether, on the basis of the facts found, the deceased was in the course of his employment when fatally injured is a question of law. *Walden v. Williams Bros. Corporation,* 167 Pa. Superior Ct. 289, 74 A. 2d 762. But on this appeal, the compensation authorities having found in favor of the claim of the minor child, the evidence must be viewed in the light most favorable to the claimant and claimant must be given the benefit of every inference reasonably deducible therefrom. *Darmopray v. Budd Mfg. Co.,* 169 Pa. Superior Ct. 200, 82 A. 2d 341; *Halloway v. Carnegie-Illinois Steel Corp.,* 173 Pa. Superior Ct. 137, 96 A. 2d 171.

The evidence discloses that the deceased, at the time of the accident, was driving his company car on the most direct route from the place where he had just concluded a special investigation towards West Philadelphia, that part of his territory in which he had concentrated his investigations on the five consecutive Friday nights preceding the Friday on which

the accident occurred. Though the accident occurred at 8 p. m. Hadfield could have continued his investigations of the taprooms, cafes and restaurants in the West Philadelphia area which do not close until 2 a. m. Considering the nature of his work as a field representative with no specified hours of work, no specific assignments as to places to be investigated and his customary procedure on Friday nights and the statement of his superior who testified he assumed deceased would naturally work that night, it is a reasonable inference that deceased was on his way to another place for his work at the time of the accident. It is also a reasonable inference from the factual situation that he was on his way home at the time of the accident. If this be considered the more plausible inference the deceased would still be considered as having been in the course of his employment at the time the accident occurred. In *Butrin et al. v. Manion Steel Barrel Co.*, 361 Pa. 166, 168, 63 A. 2d 345, it was said: "Where the contract of employment provides that the employer shall furnish the means of going to and returning from work, the employe is held to be actually engaged in the furtherance of the employer's business during such transportation: Dunn v. Trego, 279 Pa. 518, 124 A. 174; Morucci v. Susquehanna Collieries Co., 297 Pa. 508, 512, 147 A. 533; Logan v. Pot Ridge Coal Co. et al., 79 Pa. Superior Ct. 421." Whether it be determined that Hadfield was on his way to work in West Philadelphia or was on his way home the fact that he was accompanied by a young lady whom he was taking to her home in West Philadelphia does not constitute a material deviation from the course of his employment. Nor does her presence in the car at the time of the accident afford any basis for the conclusion that deceased was on a personal mission of his own or had abandoned his employment.

He had known the young lady prior to the day of the accident. He met her during the course of an investigation concluded just prior to the accident. Her home was not only in the area in which he customarily worked on Friday nights but was also in the general direction he would take en route to his home, and at the time of the accident he was on the most direct route he could have taken either to his work in West Philadelphia or to his home. Under the circumstances it must be concluded that the continuity of his employment was not broken. As was said in *Combs v. Cole Brothers Circus, Inc.*, 165 Pa. Superior Ct. 346, 348, 67 A. 2d 791, " 'An injury to be compensable does not have to arise out of the employment; it need only occur in the course of it. (citing cases) An employee may be doing something other than the exact work assigned to him, and he may not be strictly at his assigned work, either as to time or place, yet the continuity of the employment is not broken unless such activity is wholly foreign to his employment or constitutes an abandonment thereof': Conley v. Pittsburgh Coal Co., 157 Pa. Superior Ct. 567, 569, 43 A. 2d 605. An employe need not necessarily be engaged in the actual performance of work at the moment of injury to be entitled to compensation. It is enough if he is occupying himself consistently with his contract of employment in some manner reasonably incidental to his employment."

The finding of the referee, affirmed by the Board, that Hadfield was actually engaged in the course of his employment at the time of the accidental injury, based on the inference that he was on his way to another place for his work or on the way to his home, was fairly deducible from the undisputed facts. As was stated by President Judge RHODES in *Walden v. Williams Bros. Corporation*, supra, p. 292: "Findings

based on proper inferences must be sustained. Assuming that the evidence also permitted an inference that deceased was engaged on a mission of his own, the inference to be adopted was for the compensation authorities. Podgur v. Otto Eisenlohr & Bros., Inc., 135 Pa. Superior Ct. 469, 471, 5 A. 2d 603."

Judgment affirmed.