Elliott *v.* Delmont Fuel Company (et al., Appellant).

Argued November 15, 1956. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellant.

*Earl S. Keim,* for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

This appeal is from the decree of the Court of Common Pleas of Westmoreland County involving a Workmen's Compensation case, reversing the board and awarding compensation to claimant.

Claimant's deceased husband was employed by Delmont Fuel Company as chief electrician and master mechanic for a period approximately seven years prior to the fatal accident which occurred on December 7, 1952. At the time of the accident, decedent was operating a jeep automobile, owned by defendant company, and on his way to pick up a water filter to be installed in the home which was owned by the defendant company and in which he was living and furnished to him as a part of his contract of employment.

The home in which decedent resided was repaired on many instances at company expense. The record discloses that on several occasions the labor and plumbing supplies, lumber, cement, wallpaper was furnished by the company at no expense to decedent. The water for the house was obtained from a well on the premises, which was hard and unsatisfactory for general use. All other utilities were furnished to decedent without charge.

On Sunday morning, December 7, 1952, the decedent took a company jeep and started on his way to pick up other company employees for the purpose of removing a water filter from the home of Thomas McGrath who was a mine foreman for Delmont Fuel Company. Previous arrangements for the removal of the same were made and the matter was discussed with Leonard Leedy, superintendent of defendant company, who offered to help with its installation in decedent's home. While en route, decedent became involved in a collision with a large truck on state highway Route 31 as a result of which he died.

The testimony disclosed that during the time decedent was employed by Delmont Fuel Company, he had complete freedom in calling of employees for work at any time the need arose, and his superior in all instances condoned those acts which might have required their approval. Two employees testified that on the morning of the accident, decedent Elliott called each of them and asked them if they would go with him to help in loading the water filter on the jeep.

From these facts the referee concluded that decedent was not engaged in furthering the business of his employer and accordingly disallowed the claim for compensation. The board affirmed the findings of fact and conclusions of law from which an appeal was filed to the Court of Common Pleas of Westmoreland County. The court below reversed the action of the board in holding that decedent was not engaged in furthering the business of his employer and directed the board to award compensation.

On this appeal the narrow question raised is the determination whether claimant's deceased husband was actually engaged in the furtherance of the business or affairs of the employer when he was accidentally

killed off the premises of the employer. See Act of 1915, P.L. 736, sec. 301 (c) as amended, 77 P.S. sec. 411. Apparently, during the entire course of the litigation this question was the only issue involved between the parties.

Whether the decedent was in the course of his employment or was actually engaged in the furtherance of the business or affairs of the employer at the time of injury is a question of law. *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161; *Hadfield v. American Society of Composers, Authors and Publishers*, 174 Pa. Superior Ct. 394, 101 A. 2d 423. In resolving that issue, each case must be determined in light of the specific facts and circumstances of the employment. *Coleman v. Fischer*, 164 Pa. Superior Ct. 261, 63 A. 2d 687.

The evidence in the instant case discloses that decedent was on call on a twenty-four hour basis with his employer. That was the main reason for furnishing a home rent free to him on the premises of the employer. The necessary repairs to the home, paid for by the employer, were just as important to the employer as to the employee. Any repairs made inured to the benefit of employer as well as employe. Obviously, had the home become in a state of disrepair, the decedent would have been compelled to seek living accommodations elsewhere with added expense to his employer. Admittedly the water supplied was unsatisfactory when used in washing clothing, and it further appears that when the well ran dry at times, the employer paid for water transported to decedent's home. Furthermore, the employer, at the insistence of decedent, had the water tested and when the report came back that not much could be done to the water, there was some discussion about the installation of a water filter. The superintendent of the employer knew and discussed in advance

decedent's intention to obtain a water filter, free of charge to the employer, and the use of the company jeep to obtain the same. As a matter of fact, the superintendent offered to help in the installation. Under these circumstances there is little doubt that decedent was actually engaged in the furtherance of the business or affairs of the employer. An employee need not necessarily be engaged in the actual performance of work at the moment of injury to be entitled to compensation. It is enough if he is engaged in some manner reasonably incidental to his contract of employment. *Hadfield v. American Society of Composers, Authors and Publishers,* supra; *Kramer v. Philadelphia,* 179 Pa. Superior Ct. 129, 116 A. 2d 280.

The decree of the court below is affirmed.