## Gross v. City of Sharon

172

*Albert E. Acker,* for plaintiff.

*Elmer G. Klaber,* for defendant.

RODGERS, P. J., August 14, 1963.—This is an appeal from a decision of the Workmen's Compensation Board affirming this referee who denied the claim of plaintiff, Daniel F. Gross. Plaintiff at the time of the accident was a sergeant of the Sharon Police Department.

His duties required him to carry his pistol at all times while in the City of Sharon. He had taken his pistol home the night before, unloaded it, and placed it in a cabinet. The next morning he took the pistol from the cabinet, loaded it, and carried it downstairs. He had left his uniform downstairs, as was his custom, and it was his intention to dress and either have some breakfast or go directly to work. As he reached the bottom step, something caused the pistol to fall from his hand. When it struck the floor, it fired and a bullet entered plaintiff's leg, causing the injury for which he claims compensation. The accident occurred at about 4:45 a.m. Claimant was required to be at his post at 5:45 a.m., although he customarily reported to the city building around 4:45 a.m. to examine the bulletin board for orders of the day and information on activities within the city.

The board concluded that he was not on duty, that he was not on the "premises of the employer", and was not actually engaged in his master's business.

Was plaintiff acting within the course of his employment at the time of the accident? The compensation board held that he was not and cited Palko v. Taylor-McCoy Coal & Coke Company, 289 Pa. 401 (1927). There the worker had left his employment to go home to get something to eat with the intention of returning in accordance with his employer's instructions to com-

plete some work during the evening. After he had left defendant's property, he was struck by an engine and instantly killed. The Supreme Court said:

"The term 'course of employment' has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business."

We do not believe that Palko's factual situation is similar to the present claimant's, nor do we believe that the law of that case is controlling in ours. Here claimant's activity in carrying his pistol downstairs in his home was an activity directly related to his pistol responsibilities as a police officer. Carrying a pistol was one of his duties. Carrying it to and from his home was required by the written orders of the department. He could not deposit it in the mailbox when he came home and pick it up when he left.

We believe this case is controlled by Kramer v. Philadelphia, 179 Pa. Superior Ct. 129. There a police officer had been assigned a motorcycle. He had requested and was granted permission to use his motorcycle in going from his home to the police station. On the day in question, he had finished his tour of duty and had driven the motorcycle home. He then washed it, ate his dinner, and was in the act of driving the motorcycle to a private garage where he customarily kept it. While en route to the garage, he fell from the motorcycle and was killed. The Superior Court said:

". . . 'injury by an accident in the course of his employment' shall include injuries 'sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . .'.

"It is true that Kramer's official tour of duty had been completed and he had returned home therefrom

prior to taking the motorcycle to the garage. However, an employe may be doing something other than the exact work assigned to him, and he may not be strictly at his assigned work, either as to time or place, yet the continuity of the employment is not broken unless such activity is wholly foreign to his employment or constitutes an abandonment thereof. . . . As stated in Combs v. Cole Brothers Circus, Inc., 165 Pa. Superior Ct. 346, 348, 67 A. 2d 791: 'An employe need not necessarily be engaged in the actual performance of the work at the moment of injury to be entitled to compensation. It is enough if he is occupying himself consistently with his contract of employment in some manner reasonably incidental to his employment.' "

In this case claimant's conduct was not only reasonably incidental to his employment, it was, in fact, a requirement of it. Other cases recognizing that the employe is still within the course of his employment even though he is not actually occupied in the fullest sense in furthering directly the principal requirements of his employment include: Mitchell v. Holland Furnace Co., 189 Pa. Superior Ct. 82, where a furnace salesmen died while picking the prospect's cherries; Hadfield v. American Society of Composers, Authors & Publishers, 174 Pa. Superior Ct. 394 (1953), where the Ascap investigator was escorting a woman not his wife home from a barroom after having been warned against such incidental activities; Weiss v. Friedman's Hotel, 176 Pa. Superior Ct. 98, where the cook who was required to live on the premises fell in the bathtub while she was taking a shower required by "the excessive heat" in the kitchen.

## Order

And now, August 14, 1963, the order of the Workmen's Compensation Board is reversed. The matter is remanded to the Workmen's Compensation Board for

necessary action in conformance with this opinion and order.

*Exception*

And now, August 14, 1963, an exception is granted to the above order for the defendant.