Flanders et al., Appellants, *v.* Hoy.

Submitted June 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrew J. Conner,* and *Dunn & Conner,* for appellants.

*Norbert J. Powell,* and *Brahaney and Powell,* for appellee.

OPINION BY CERCONE, J., September 23, 1974:

This appeal arises from the order of the lower court which sustained the preliminary objections of the defendant, Mrs. Hoy, and struck off the plaintiff's complaint in trespass. The court thereupon entered judgment for the defendant. The facts of the case, which are not disputed, are as follows:

Mrs. Flanders, the plaintiff-appellant herein, and Mrs. Hoy both worked for the Pennsylvania Department of Transportation (PennDot) in its Cameron office. Mrs. Flanders, the chief clerk in that office, lived in the small community of Sinnemahoning approximately fifteen miles southeast of Cameron. Mrs. Hoy, her assistant, lived within one mile of the office and ordinarily left home at 7:55 a.m. in order to reach the office at 8:00 a.m., the time both women began work. Both were paid hourly wages,[1] had an unpaid lunch hour, and finished their regular workday at 4:30 p.m. On the particular day of the instant mishap, March 24, 1972, they had been instructed not to report to Cameron, but to go directly to Clearfield instead in order to attend a seminar on medical benefits for Penn-Dot employees which was to begin there at 9:00 a.m. Since their duties included handling personnel records relating to medical insurance, the conference would have been valuable to them in their work.

Mrs. Hoy and Mrs. Flanders decided that Mrs. Hoy would use her car for the trip to Clearfield. Therefore, on the day of the seminar Mrs. Hoy arrived at Mrs. Flanders' residence around 7:30 a.m. Since Mrs. Hoy's car was used for the trip, PennDot paid her ten cents per mile. Although the women were not required to report in at Cameron, and the seminar in Clearfield was scheduled to begin at nine o'clock and conclude at three in the afternoon, the women were paid a full day's wage based on a 7 1/2 hour working day.

The ladies were only five miles from their destination when, at approximately 8:30 a.m., Mrs. Hoy attempted to pass a convoy of vehicles. The car skidded off the highway, through a ditch, and came to rest in

---

[1] In the court below Mrs. Flanders sought to characterize her pay as a salary, although she was paid overtime and "docked" at an hourly rate for unexcused tardiness or absence. On appeal, however, she apparently concedes that she was a wage earner.

a roadside field. The accident occurred during the regular working hours of both women. They were taken to the hospital and released in time to reach the seminar at ten-thirty. When the seminar concluded that afternoon, they rode back to the Cameron office with some friends. PennDot paid Mrs. Flanders workmen's compensation for the accident,[2] and she brought the instant suit against Mrs. Hoy in tort alleging negligence.

Mrs. Hoy, through preliminary objections to the complaint, raised the fellow employee immunity section of the Workmen's Compensation Act,[3] which provides: "Liability of Fellow Employe. If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

After hearing the testimony of the parties, the lower court concluded that both Mrs. Flanders and Mrs. Hoy were in the course of their employment with PennDot when the accident occurred and, therefore, that the fellow employee immunity provision precluded

---

[2] Mrs. Hoy argued below that the workmen's compensation agreement constituted an admission by Mrs. Flanders that she was in the course of her employment when the accident occurred. Mrs. Flanders vigorously argues that it was error for the court to consider it as such. While policy reasons may distinguish the cases which have allowed workmen's compensation payments into evidence as an admission by an *employer* that a person was an employee in the course of employment at the time of an accident [see, e.g., *Sabatini v. Affiliated Food Dist., Inc.*, 6 Pa. Comm. Ct. 470 (1972)], the resolution of the instant case does not require our treating that issue.

[3] Act of August 24, 1963, P. L. 1175, No. 496, §1, 77 P.S. §72 (Supp. 1974).

Mrs. Flanders from maintaining this cause of action against Mrs. Hoy.

The appellant argues that when the defendant-appellee raised her status as a co-employee under this section as a bar to the plaintiff's maintenance of her suit in trespass, she raised an affirmative defense which she failed to prove by the preponderance of the evidence. In other words, the plaintiff argues that the evidence was insufficient to support the order of the lower court sustaining the defendant's allegation of statutory immunity and dismissing the plaintiff's complaint. We disagree.

First, the parties do not dispute any of the facts relevant to the determination of whether Mrs. Flanders and Mrs. Hoy were in the course of their employment with PennDot at the time the accident occurred.[4] There being no questions of fact, the "course of employment" question was properly determined as a matter of law by the court below: *French v. Coff Decorators,* 199 Pa. Superior Ct. 482 (1962); *Goodman v. University Shop, Inc.,* 195 Pa. Superior Ct. 129 (1961); *Kramer v. Philadelphia,* 179 Pa. Superior Ct. 129 (1955). If the undisputed facts describe a situation in which both Mrs. Flanders and Mrs. Hoy were in the course of their employment as a matter of law when the accident occurred, then Mrs. Hoy is entitled to the immunity granted by the fellow employee provision of the Workmen's Compensation Act and, any argument concerning the burden of proof in this case is, therefore, irrelevant.

---

[4] The "course of employment" standard rather than the narrower "scope of employment" standard should be used in Pennsylvania to determine whether the defendant employee was "in the same employ" when the accident occurred: *Apple v. Reichert,* 443 Pa. 289 (1971); *Konitch v. Hertung,* 195 A. 2d 649 (N.J. Super. 1963) 2 A. Larson, Workmen's Compensation Law §72.20 (1972); Annot., 21 A.L.R. 3d 845, 868-72 (1968).

The plaintiff principally contends that for a variety of reasons the lower court erred in applying the "special errand rule" in finding both Mrs. Flanders and Mrs. Hoy to be fellow employees under the immunity provision. Instead, the plaintiff contends the court should have tested compensability and course of employment by reference to the "going and coming rule." In short, the "going and coming rule" provides that injuries to an employee are compensable under the Workmen's Compensation Act even though they occur while the employee is going to or coming from work so long as those injuries occur on the employer's premises. 1 A. Larson, Workmen's Compensation Law §15 (1972). Since the converse of the rule is also true, and the instant injuries were sustained off the employer's premises, the plaintiff contends that the injuries did not arise in the course of her employment, nor in the course of the employment of Mrs. Hoy. We disagree with both the plaintiff's conclusion and her attempts to distinguish those cases which have applied the special errand rule. We find the circumstances herein described a strong case for application of the special errand rule.

The special errand rule may be stated as follows: "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself."[5]

---

[5] 1 A. Larson, Workmen's Compensation Law §16.10 (1972).

In the instant case Mrs. Hoy was clearly on a special errand, and therefore in the course of her employment, when the accident occurred. On that particular day, PennDot required that she make an unusual journey nearly fifty times longer than her ordinary trip to work. Since it is the substantiality of the additional burden that the travel imposes which determines whether the employee is on a special errand when an accident occurs, the length of this journey alone, relative to the distance Mrs. Hoy ordinarily traveled, would clearly indicate that Mrs. Hoy was on a special errand at the time of the instant mishap. When the fact that she was paid ten cents a mile for the trip,[6] and the fact that she was earning her hourly wage are also considered, the conclusion that the special errand rule applies is inescapable.

In Mrs. Flanders' case the facts are not quite as overwhelmingly indicative of the applicability of the special errand rule, simply because she chose not to use her car and did not have so far to travel from her home to Clearfield as did Mrs. Hoy. However, the journey was nevertheless substantially longer than the one she made daily to the office in Cameron—approximately forty miles longer. She also was earning a wage at her hourly rate when the accident occurred, and as this Court has stated: "We cannot conceive of the employer paying an employee for time of service if it were not for the employer's benefit and in furtherance of employer's business. This fact alone, we believe, is sufficient to make this case fall within one of the exceptions to the general rule." *Muir v. Wilson*

---

[6] Professor Larson makes the point that there is no significant difference between situations where the employer provides the company car to an employee, and where he reimburses the employee for the costs of operating his own car on the trip. The former situation is clearly compensable under the act, and no reason exists for not finding the latter to be compensable also. *Id.* at §17.30 nn. 53.

*Coal Co.*, 194 Pa. Superior Ct. 487, 489 (1961). In such situations the employee is considered as being in the course of her employment.

Since both Mrs. Flanders and Mrs. Hoy were acting in the course of their employment with PennDot when the accident occurred which caused Mrs. Flanders' injuries, they were "in the same employ" within the intendment of the fellow employee immunity section of the Workmen's Compensation Act. Therefore, Mrs. Hoy was immune from suit by Mrs. Flanders and the complaint was properly dismissed.

Order affirmed.