## McAnulty v. Pittman

*Judd F. Crosby*, for plaintiffs.
*Dennis A. Watson*, for defendant.

WETTICK, *J.*, February 13, 1980—This action arises out of an accident involving a school bus operated by plaintiff-wife and an automobile operated by defendant. At the time of the accident, plaintiff was operating the bus in the course of her employment with the Penn Hills School District and she has received workmen's compensation benefits under the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L 736, as amended, 77 P.S. §1 et seq.

Defendant wishes to amend her answer and new matter to allege that at the time of the accident she was also an employe of this school district and that plaintiff is therefore barred from bringing this action by the fellow employe immunity provisions of the Pennsylvania Workmen's Compensation Act. Defendant, however, does not claim that she was acting within the course of her employment at the time of the accident. Thus the issue raised by defendant's motion for leave to amend her answer and new matter is whether the Workmen's Compensation Act immunizes fellow employes from liability for negligent acts committed outside the course of employment.

The fellow employe immunity provisions of the Pennsylvania Workmen's Compensation Act are set forth in Article II, section 205, 77 P.S. §72, which reads as follows:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while

such person was in the same employ as the person disabled or killed, except for intentional wrong."

This provision, according to defendant, bars an employe who is injured in the course of his or her employment from suing any other employe of the same employer. Plaintiff, on the other hand, contends that the requirement that defendant be "in the same employ" limits section 205's immunity defense to persons acting within the course of their employment at the time of the accident.

While the Pennsylvania appellate courts have never considered a case in which the party claiming the protections of section 205 was not acting within the scope or course of his or her employment, three appellate court cases dealing with the scope of section 205 offer direction to this court. In Jadosh v. Goeringer, 442 Pa. 451, 454-455, 275 A. 2d 58 (1971), an employe sued the vice-president and general manager of his employer for condoning the use of defective equipment and this defendant pleaded that he was immune under section 205 of the Workmen's Compensation Act. The Supreme Court upheld this defense. Citing section 1 of the Act of February 28, 1956, P.L. (1955) 1120, 77 P.S. §22, the court held that section 205 immunizes an executive officer acting within the course of his employment from suit and that "a provision immunizing fellow employees from liability for negligent acts or omissions *in the course of their employment* is consistent with the constitutional provision permitting the enactment of a comprehensive scheme of workmen's compensation." (Emphasis supplied.)

In Apple v. Reichert, 443 Pa. 289, 293, 278 A. 2d 482 (1971), plaintiff and defendant at the time of

the accident were fellow employes of a public school in transit from one building in which they took role and lunch count to a second building in which classes were held. Defendant claimed immunity from suit under section 205 of the Workmen's Compensation Act. Plaintiff argued that this section applied only where the act or omission occurred within the scope of defendant's employment and that although defendant was acting within the course of her employment, she was not acting within the scope of her employment. The Supreme Court rejected this contention holding:

"[S]o viewing the evidence here, we entertain no doubt whatsoever that the injuries in this case were caused while the appellant and appellee were 'in the same employ.' Both parties were proceeding from one place of employment to another during their working day, acting in furtherance of their duties at the time, and in a manner approved by their employer. Since the language of the statutory provisions sets up a clear and simple test—'the same employ'—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the legislature. If it could be concluded that appellee's 'scope of employment' was different from that of the appellant, our conclusion would be the same, *for we could still not conclude that appellee was acting outside of the scope of her employment at the time of the accident.*" (Emphasis supplied.)*

*The court also rejected defendant's contention that section 205 was only meant to grant immunity to the employer's insurance carrier, stating that section 205 also granted immunity to fellow employes.

In Flanders v. Hoy, 230 Pa. Superior Ct. 322, 326, fn. 4, 326 A. 2d 492 (1974), plaintiff and defendant were employes of PennDot traveling to a seminar on medical benefits for PennDot employes as part of their work assignment at the time of the accident. Defendant had successfully raised the fellow employe immunity defense in the lower court and on appeal plaintiff argued that the evidence was insufficient to sustain this defense. The Superior Court rejected this argument. According to the Superior Court, the issue was whether the undisputed facts described a situation in which both plaintiff and defendant were in the course of their employment as a matter of law when the accident occurred. The court stated:

"The 'course of employment' standard rather than the narrower 'scope of employment' standard should be used in Pennsylvania to determine whether the defendant employee was 'in the same employ' when the accident occurred: Apple v. Reichert, 443 Pa. 289 [278 A. 2d 482] (1971); Konitch v. Hartung, [81 N.J. Super. 376,] 195 A. 2d 649 (N.J. Super. 1963)[;] 2 A. Larson, Workmen's Compensation Law §72.20 (1972); Annot., 21 A.L.R. 3d 845, 868-72 (1968)."

The bulk of the court's opinion dealt with whether the "special errand rule" applied to both plaintiff and defendant, thereby bringing both persons in the course of their employment when the accident occurred. The court held that defendant was immune from suit only after concluding that: "Since both Mrs. Flanders and Mrs. Hoy were acting in the course of their employment with PennDot when the accident occurred which caused Mrs. Flanders' injuries, they were 'in the same employ' within the intendment of the fellow employee immunity sec-

tion of the Workmen's Compensation Act." 230 Pa. Superior Ct. at 329, 326 A. 2d at 496.

In Flanders v. Hoy, the court, as we have noted, specifically ruled that a defendant employe is "in the same employ" only if he or she is acting in the course of employment at the time of the accident. Furthermore, if section 205's immunity defense protected all fellow employes from liability, it would have been completely unnecessary for the Superior Court in this case to have considered whether defendant was acting in the course of her employment at the time of the accident.

This reading of section 205 to require that defendant employe be within the course of his or her employment is further supported by a review of the citations the Superior Court used to support its ruling that the "course of employment" standard should be used to determine whether a defendant-employe is in "the same employ."

In Konitch v. Hartung, 81 N.J. Super. 376, 195 A. 2d 649 (1963), the court, in construing an almost identical fellow employe immunity provision, read "in the same employ" to mean that defendant-employe must be acting in the course of his employment at the time of the accident. According to 2 A. Larson, Workmen's Compensation Law §72.20 (1972), this test adopted in Konitch v. Hartung is the most satisfactory; and the Annotation at 21 A.L.R. 3d 845, 868-72 (1968), which the Superior Court also cited, concludes that: "Although deciding who is 'in the same employ' has troubled the courts, it is held that a grant of immunity from civil liability to . . . those who are in the same employ precludes common-law actions against a fellow employee, at least where the injury is the result of

negligence and occurs while both parties are in the course of their employment."

Because section 205 of the Workmen's Compensation Act, as construed by the Superior Court, provides immunity only to defendant fellow-employes who are acting within the course of their employment and because defendant's proposed amendment does not allege that defendant was acting within the course of her employment at the time of the accident, the proposed amendment does not set forth a valid defense. Thus defendant's request to amend her answer and new matter is denied.

## ORDER

On this February 13, 1980, it is hereby ordered that defendant's motion for leave to amend her answer and new matter is denied.