428 A.2d 653

**Carmel SYLVESTER and Joseph Sylvester, her husband, Appellants,**

v.

**Angelo PERUSO, Aldis Peruso, Stylecraft Fashions, Inc., Carl DeLuca and Harvey DeLong.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed April 20, 1981.

Kevin J. Kelleher, Easton, for appellants.

Robert E. Simpson Jr., Easton, for appellees.

Before PRICE, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Northampton County, Civil Division, which granted the defendants' motions for a summary judgment. The court below held that the plaintiff was precluded from maintaining a civil action against appellees because her sole remedy was under the Workmen's Compensation Act.

On May 20, 1977, plaintiff Carmel Sylvester was injured while a passenger in an automobile owned by defendants Angelo Peruso and Aldis Peruso, trading as Stylecraft Fashions, Inc. and operated by Carl DeLuca. Both DeLuca and Carmel Sylvester were employees of Stylecraft and both employees were proceeding to work in the company automobile at the time of the accident which caused plaintiff's injuries. DeLuca picked up Carmel Sylvester regularly to take her to work, at her request. This service was offered

as a convenience to DeLuca and Sylvester and neither employee was paid for the time they were being transported to work. Nor was there a contract requiring the employer to provide transportation for its employees. DeLuca would, however, provide transportation to certain employees who requested it pursuant to orders from Mr. Peruso. DeLuca had been driving the plaintiff to work for a period of eight (8) to ten (10) years. Peruso knew that company vehicles were being used to transport certain employees to work and had specific knowledge that plaintiff was one of these employees prior to the date of the accident. As a result of the injuries suffered during the accident, plaintiff received workmen's compensation benefits. She then commenced a civil action against DeLuca and her employers.

An employee is entitled to workmen's compensation benefits from his employer for an injury which occurs while he is engaged in the course of his employment. *77 P.S. 431.* In return for receiving the protections of the Workmen's Compensation Act, which require only that a person be injured while in the course of his employment and does not require a finding that the injury was the result of anyone's negligence, the employee gives up the right to maintain a civil action against his employer and/or co-employees unless the injury was an intentional one. *77 P.S. 72. Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971). Thus, the sole issue is whether plaintiff's injury occurred while she was in the course of her employment.

As a general rule the act of going to or returning from work does not constitute a furtherance of the employer's business. As such an employee so engaged is not engaged in the course of his employment. *Susman v. Kaufman's Department Store,* 182 Pa.Super. 467, 128 A.2d 173 (1957). However, this general rule is subject to exceptions and there is no general formula to determine readily whether an accident off the premises occurred in the course of employment. Cases involving this question must be disposed

of on their own peculiar facts. *Coleman v. Fischer,* 164 Pa.Super. 261, 63 A.2d 687 (1949). In the instant case the employer provided the means of transporting the plaintiff to work. Although, the employer had assumed no contractual obligation to do so it had provided this service to plaintiff for eight (8) to ten (10) years, paid for the gasoline, owned the vehicle, and had directed the driver, another employee, to pick up plaintiff and certain other employees who requested a ride to work. In addition, plaintiff filed for and received Workmen's Compensation benefits thereby asserting her status as an employee engaged in the course of her employment at the time of the accident. To permit her now to disclaim such status so that she is able to pursue other benefits would be grossly unfair and would defeat the legislative purposes of the Workmen's Compensation Act by encouraging employees to attempt to avoid the act and by encouraging employers to deny workmen's compensation benefits to injured employees in cases which are all but crystal clear.

It has been held that where transportation is furnished to an employee by his employer as part of the employment agreement, either expressly or impliedly, and for the interest of the employee, as well as the employer, that the employer is liable for Workmen's Compensation benefits for injuries sustained by the employee while using this means of transportation. *Kramer v. Philadelphia,* 179 Pa.Super. 129, 116 A.2d 280 (1955); *Susman v. Kaufman's Department Store,* supra. Because the employer furnished the means of transportation in the instant case and because plaintiff received Workmen's Compensation benefits from her employer we hold that the Workmen's Compensation Act constitutes her sole remedy and that she cannot maintain civil actions against either her employer or her co-employee for injuries she received as a result of the May 20, 1977 accident. The fact that subrogation rights exist under the Act [1] does not impress us as a valid reason to hold otherwise as such a

1. *77 P.S. 671.*

holding would contravene the clear legislative purpose of the Workmen's Compensation Act as discussed above.

Order affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Because I believe that section 205 of the Pennsylvania Workmen's Compensation Act[1] does not bar this action, I dissent. For the reasons which follow, I would reverse the order of the court below and remand for further proceedings.

The majority concludes that because plaintiff-appellant Carmel Sylvester (plaintiff) received workmen's compensation benefits from her employer for her injuries sustained in the May 20, 1977 accident, she cannot now deny that she was in the course of her employment at the time of the accident. In *Flanders v. Hoy*, 230 Pa.Super. 322, 326 A.2d 492 (1974), an employee, after receiving workmen's compensation benefits from her employer, brought a tort action against a fellow employee to recover damages for injuries sustained in an automobile accident while riding to a seminar in a car driven by the fellow employee. In alleging that section 205 of the Workmen's Compensation Act barred the action, the defendant argued that the plaintiff's receipt of workmen's compensation benefits constituted an admission that she had been in the course of her employment at the time of the accident. Although our Court did not decide this issue, we suggested that "policy reasons may distinguish the cases which have allowed workmen's compensation payments into evidence as an admission by an *employer* that a person was an employee in the course of employment at the time of the

1. Act of June 2, 1915, P.L. 736, art. II, § 205, added by Act of August 24, 1963, P.L. 1175, No. 496, § 1; 77 P.S. § 72. Section 205 provides:
   If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

230

accident. . . ." *Id.*, 230 Pa.Super. at 325 n.2, 326 A.2d at 494 n.2 (citing *Sabatini v. Affiliated Food Distributors, Inc.*, 6 Pa.Cmwlth. 470, 295 A.2d 845 (1972)) (emphasis in original). I agree. There is no indication in the record before us that the course of employment issue was litigated in workmen's compensation proceedings. Under these circumstances, I believe that it would be unfair to plaintiff to hold that by accepting workmen's compensation benefits, she forfeited her right to bring a common law action against her fellow employee.[2]

Moreover, unlike the majority, I believe that allowing plaintiff to maintain this action against her fellow employee is in no way inconsistent with the purposes of the Workmen's Compensation Act. If plaintiff were successful in her tort action, she would not recover the same damages twice because her employer, or its workmen's compensation carrier, would have a right of subrogation against defendant Carl DeLuca to the extent of the workmen's compensation benefits paid to plaintiff. *See* Act of June 2, 1915, P.L. 736, art. III, § 319, as amended; 77 P.S. § 671. I am therefore not convinced that permitting plaintiff to maintain this action will "contravene the clear legislative purpose of the Workmen's Compensation Act. . . ." 286 Pa.Super. at 229, 428 A.2d at 655.

Having concluded that plaintiff's receipt of workmen's compensation benefits should not bar this action, I must now determine whether plaintiff was in the course of her employment at the time of the accident. As the majority

2. Although the majority concludes that plaintiff "cannot maintain civil actions against either her employer or co-employee," 286 Pa.Super. at 230, 428 A.2d at 655, I note that the order under review granted judgment in favor of defendant Carl DeLuca (the co-employee) only. Thus, the majority improperly reaches the issue of whether plaintiff can maintain an action against the employer. Consequently, the majority's statement that to allow plaintiff to bring a tort action after receiving workmen's compensation benefits would "encourag[e] employers to deny workmen's compensation benefits to injured employees in cases which are all but crystal clear," 286 Pa.Super. at 230, 428 A.2d at 655, is inappropriate.

notes, although as a general rule an injury occurring while an employee is going to or returning from work is not compensable under the Workmen's Compensation Act, such an injury is compensable "where transportation, or the means of transportation, is furnished the employe by the employer as a part of the agreement of employment, expressly or impliedly, and for the interest of the employer, as well as the employe. . . . " *Susman v. Kaufman's Department Store*, 182 Pa.Super. 467, 473, 128 A.2d 173, 176 (1956). *See also Davis v. Workmen's Compensation Appeal Board*, 41 Pa.Cmwlth. 262, 265, 398 A.2d 1105, 1106 (1979) ("Unless an employment contract includes transportation to and from work or the employee has no fixed placed of work or is on a special mission for his employer, an employee going to and from work is not furthering the affairs of his employer during such journey.").

In this case, there was no express contract requiring the employer to transport plaintiff to work. Consequently, the accident can be deemed to have occurred in the course of plaintiff's employment only if an implied contract of transportation existed. "A contract implied in fact is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from acts in light of the surrounding circumstances." *Elias v. Elias*, 428 Pa. 159, 161, 237 A.2d 215, 217 (1968). I conclude that the record does not support a finding that there was an implied contract to transport plaintiff to work. The employer's awareness that defendant Carl DeLuca had been driving plaintiff to and from work and derivation of some benefit from the practice are insufficient evidence of an intention to be contractually bound. Accordingly, because plaintiff was not in the course of her employment at the time of the accident, a prerequisite to the applicability of section 205 of the Workmen's Compensation Act, I would hold that the lower court erred in concluding that section 205 shielded Carl DeLuca from tort liability.