## Ducjai v. Dennis

*Robert J. Gillespie Jr.* and *Peter O'Donnell,* for plaintiff.

*Michael J. Donohue,* for defendant Dawn Dennis.

BROMINSKI, *J.,* May 8, 1992—This matter comes before the court on the motion for reconsideration filed by plaintiff Juleann Ducjai. As a consequence of plaintiff's motion for reconsideration, the court via order dated April 3, 1991: (1) vacated its prior order dated March 30, 1992, granting the motion for summary judgment filed by defendant Dawn Dennis; and (2) granted plaintiff five days within which to file her brief in opposition to defendant's motion for summary judgment.

Pursuant to the order dated April 3, 1992, plaintiff on April 7, 1992, filed her brief in opposition to defendant's motion for summary judgment. Thereafter, on April 16, 1992, defendant filed her reply brief in support of defendant's motion for summary judgment. This opinion follows.

## Plaintiff's Arguments Against Motion for Summary Judgment

Plaintiff argues defendant's motion for summary judgment must be denied because issues of fact exist with respect to whether plaintiff and defendant were acting within the "scope and course" of employment when the automobile accident in question occurred. In support of her argument, plaintiff relies on two aspects of plaintiff's and defendant's respective deposition testimony.

First, plaintiff testified that, pursuant to the directions of the Camp Kresge camp director, plaintiff and defendant drove from YMCA's Camp Kresge to the YMCA in Wilkes-Barre in defendant's automobile. Usually, plaintiff testified, they drove to Wilkes-Barre in the YMCA's camp van. Plaintiff also testified that, as they left Camp Kresge, they stopped to talk to the camp nurse who told defendant to slow down on the camp road.

Second, defendant testified that she did not normally use her car for Camp Kresge business, rather, the Camp Kresge van was provided. Defendant also testified that the camp nurse told them to slow down when they crossed the camp bridge.

These aspects of plaintiff's and defendant's deposition testimony, plaintiff insists, places the travel between Camp Kresge and Wilkes-Barre beyond the scope and course of employment, and necessitates the denial of defendant's motion for summary judgment.

## Resolution of Motion for Summary Judgment

Under Pennsylvania's Workmen's Compensation Act, 77 P.S. §72 and §481, the sole source of compensation for injuries sustained in the course of employment is

workmen's compensation. In return for that coverage, the employee surrenders his or her right to maintain a civil action against his or her employer or co-employee, unless the injury was intentionally caused.

Because plaintiff has received workmen's compensation benefits for the injuries she sustained in the automobile accident, she is precluded from seeking compensation from a "fellow employee" under the "liability of fellow employee" provisions the Workmen's Compensation Act found in 77 P.S. §72:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring when such person was in the same employ as the person disabled or killed, except for intentional wrong."

In order for defendant to be found immune from liability under the above-quoted provision, the injuries sustained by plaintiff must have been caused by "any act or omission" of defendant occurring while defendant was "in the same employ" as plaintiff. The phrase "in the same employ" has been interpreted to mean that the actions of the defendant must fall with defendant's "course of employment." *Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971); *Flanders v. Hoy,* 230 Pa. Super. 322, 326 A.2d 492 (1974); *DeLong v. Miller,* 285 Pa. Super. 120, 426 A.2d 1171 (1981); *Knauss v. Gaines,* 49 D.&C.2d 269 (1970); *McAnulty v. Pittman,* 13 D.&C.3d 313 (1980); *Buoniconti v. Shoemaker,* 10 D.&C.3d 76 (1978); and *Pinianski v. Ostrowski,* 77 Lacka. Jurist 94 (1976).

As noted in the prior opinion and order of the court dated March 30, 1992, the record establishes unequivocally that plaintiff was an employee of the YMCA at Camp Kresge at the time of the accident; that defendant

was plaintiff's co-employee; that, pursuant to the directions of the director of Camp Kresge, plaintiff and defendant were driving from YMCA's Camp Kresge to the YMCA in Wilkes-Barre; and that plaintiff has received worker's compensation benefits provided by the YMCA as a result of the accident.

The above-noted deposition testimony advanced by plaintiff in support of her opposition to the motion for summary judgment confirms the unequivocal conclusion that defendant was acting within the course of her employment at the time of the accident. That plaintiff and defendant used defendant's car for the trip between Camp Kresge and the Wilkes-Barre YMCA confirms the conclusion that they were acting in accordance with the directions of the Camp Kresge director. While the trip between Camp Kresge and the Wilkes-Barre YMCA was more frequently made in the camp van, the use of defendant's car was neither unusual nor unprecedented; rather, it confirms the prior, albeit less frequent, practice of making the trip in defendant's automobile.

Likewise, directive of the camp nurse given to defendant and plaintiff as they embarked on their trip to drive more slowly through the camp does not support the inference that issues of fact must be resolved; rather, it confirms the conclusion that plaintiff and defendant were acting in accordance with the directives of Camp Kresge personnel when they embarked on their trip.

In other words, the arguments advanced by plaintiff serve to reinforce the conclusions reached by the court in its opinion and order dated March 30, 1992.

Notably, as well, plaintiff again fails to point to any allegations either in the pleadings or in discovery undertaken by the parties that defendant intentionally caused plaintiff's injuries.

Hence, we are compelled to confirm our prior conclusion that defendant is statutorily immune from liability by virtue of 77 P.S. §72.

Consequently, the pleadings and discovery undertaken by the parties demonstrate unequivocally that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

Accordingly, we enter the following

### ORDER

It is hereby ordered, adjudged and decreed that the order dated April 3, 1992, (which vacated the order dated March 30, 1992, granting the motion for summary judgment of defendant Dawn Dennis) is hereby rescinded.

It is further ordered, adjudged and decreed that, after the reconsideration requested by plaintiff Juleann Ducjai, the motion for summary judgment filed by defendant Dawn Dennis, on February 12, 1992, is hereby granted, and judgment is entered in favor of defendant Dawn Dennis, and against plaintiff Juleann Ducjai, with respect to the claims contained in the complaint of plaintiff Juleann Ducjai filed on January 17, 1991.