## Schach *v.* Hazle Brook Coal Company, Appellant.

Submitted April 28, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Prall B. Roads* and *Edward I. Cutler*, for appellant.

*Ralph M. Bashore*, for appellee.

OPINION BY KELLER, P. J., July 15, 1944:

The claimant was injured by a fall of coal on December 20, 1932. An open agreement for compensation for total disability was entered into under which he was to receive $15 a week. Various proceedings were taken by the employer to terminate the agreement—see, inter alia, *Schach v. Hazle Brook Coal Co.*, 130 Pa. Superior Ct. 430, 198 A. 464—which were dismissed by the board.

The present appeal was taken by the employer from an order of the court of common pleas entering judgment on December 16, 1943 in favor of the claimant for $2,173, pursuant to a decision of the Workmen's Compensation Board, entered June 7, 1940, dismissing the defendant's petition for modification of the compensation agreement and finding that the claimant continued to be totally disabled.

The intervening time was taken up with an appeal to this court, which was not pressed and a controversy

as to whether an order of the court of June 16, 1941 directing that judgment be entered in favor of the plaintiff (claimant) and against the defendant in the amount of $2,173 was such a judgment that execution could be issued upon it in the absence of a formal entry of judgment by the prothonotary—See *Watkins v. Neff*, 287 Pa. 202, 134 A. 625, and kindred cases. Nearly two years were spent in this dilatory proceeding, during which time the claimant received no compensation.

There is no merit in the employer's appeal.

According to the uncontradicted testimony the claimant in 1939 was 54 years old. His left leg is paralyzed to such an extent that he drags it while walking; the muscles of his left shoulder and arm are atrophied and the arm is paralyzed so that the grip of the hand is impaired at least fifty per cent.

While Dr. Warne testified that in his opinion the claimant could do some light work, Dr. Murphy gave it as his opinion that there had been no change in the claimant's condition from what it was when he first testified in 1935, and that claimant was and still is totally disabled, as a result of the accident.

The board accepted Dr. Murphy's testimony rather than Dr. Warne's, and made its findings accordingly. As there is substantial competent evidence to support the findings, neither the court of common pleas nor this court can disturb them.

However, a mistake was made in entering the judgment which we will correct.

When the court, on June 16, 1941, directed judgment to be entered in favor of the plaintiff and against the defendant for $2,173, that amount represented the compensation then due and owing the claimant. Under the rule laid down by us in *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400, and *Virtue v. J. L. Plummer, Inc.*, 111 Pa. Superior Ct. 476, 482, 170 A. 443, judgment should have been entered for

the total amount payable under the award or order of the board, whether then due and accrued or payable in future instalments, giving credit for the principal paid on it.

The maximum amount payable to the claimant under the Act of 1927, P. L. 186, which was in force at the time of the accident, was $6,500. He received compensation for total disability at $15 per week for 102-4/7 weeks and compensation for partial disability at $10.36 per week for 193-4/7 weeks or a total of 296-1/7 weeks, in the aggregate amount of $3,543.97 principal.

Judgment is therefore directed to be entered in favor of the claimant and against the defendant for $6,500, subject to a credit of $3,543.97; and claimant will be entitled to receive at the time of the first payment under the judgment not only the aggregate of the instalments then due at $15 per week, but also simple interest upon each instalment from the date that particular instalment should have been paid. See *Petrulo v. O'Herron Co.*, 122 Pa Superior Ct. 163, 186 A. 397; *Graham v. Hillman Coal & Coke Co.*, supra, p. 587.

Appeal dismissed and judgment will be entered as directed.