North American Rockwell Corporation and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Mabel A. Epler, Widow of Franklin M. Epler, Deceased, Appellees.

438

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three. Reargued June 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*D. Frederick Muth*, with him *Rhoda, Stoudt & Bradley*, for appellant.

*Norman H. Abrahamson*, with him *Meyer, Lasch, Hankin & Poul*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE BLATT, October 27, 1975:

This is an appeal taken by North American Rockwell Corporation (employer) from a decision of the Workmen's Compensation Appeal Board (Board) which af-

firmed a referee's award of benefits to Mabel A. Epler (claimant), the widow of Franklin M. Epler (decedent).

The decedent worked for the employer as a laborer at its plant in Wyomissing, Pennsylvania. At 12:18 A.M. on May 20, 1972 at the completion of his work shift, the decedent punched his time card, left the plant and proceeded to cross Park Road, a public street on which the plant was located. He was apparently then heading toward his automobile which he had parked in a parking lot maintained by the employer for its employees. While crossing the street, however, he was struck and injured by one or two automobiles. He died shortly thereafter.

The claimant filed a claim petition on September 22, 1972 and she was awarded benefits after a hearing before a referee. The employer appealed to the Board without success and has now filed the present appeal with this Court, arguing that the decedent's injuries did not arise in the course of his employment. We agree.

The only question involved here is whether or not the decedent's death resulted from an "injury arising in the course of employment" within the meaning of subsection 301(c)(1) of the Workmen's Compensation Act,[1] 77 P. S. §411(1). That subsection, as presently enacted and as applicable here,[2] provides:

"The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such

1. Act of June 2, 1915, P.L. 736, as amended.

2. The most recent amendments to subsection 301(c)(1) were enacted on March 29, 1972.

injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

Some significant differences exist between the subsection as quoted above and the version thereof which was in effect prior to the 1972 amendments. However, in *Workmen's Compensation Appeal Board v. Borough of Plum*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975) we recently considered the present provision with respect to "course of employment" and concluded there that prior interpretations of that phrase would still be operative. We reached this conclusion because there has been no real change in the law as to what injuries will be considered to have accrued "in the course of employment."

The statute, as in effect now and prior to 1972, clearly provides for two distinct categories of injuries which may "arise in the course of employment": 1) those sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether sustained on or off the employer's premises; and 2) those

sustained by the employee on his employer's premises, provided that the injuries are caused by the condition of the premises or by the operation of the employer's business or affairs thereon and provided that the employee's presence is required thereon by the nature of his employment. The injuries leading to decedent's death in this case fall within neither category.

In the context of the Workmen's Compensation Act, the word "premises" refers to property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged as to form a component or integral part of it. *Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973); *Robinson v. Y.W.C.A.,* 215 Pa. Superior Ct. 19, 257 A.2d 690 (1969). It embraces property used in connection with the actual place of work where the employer carries on the business in which the employee is engaged. *Del Rossi v. Pennsylvania Turnpike Commission,* 210 Pa. Superior Ct. 485, 233 A.2d 597 (1967). While a public roadway can be considered as the employer's "premises," this is true only where the employer is controlling the roadway and using it in connection with its business as, for example, in *Meucci v. Gallatin Coal Co.,* 279 Pa. 184, 123 A. 766 (1924) where the roadway was used by the employer in connection with loading and unloading and it was kept in repair and maintained by the employer. Likewise in *Hesselman v. Somerset Community Hospital,* 203 Pa. Superior Ct. 313, 201 A.2d 302 (1964), a public alley, cared for and maintained by the employer, was held to be the employer's premises. *Also see Workmen's Compensation Appeal Board v. L. L. Stearns & Sons,* 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975) where we recently held that an extension to a public sidewalk, built and maintained by the employer, should be considered as the employer's premises. In the present case, however, there is no evidence that the employer exercised the slightest control over Park Road itself. In the absence of

any such evidence, the roadway's relative nearness or remoteness to the employer's place of business is of no consequence. *See Giallonardo v. St. Joseph's College,* 177 Pa. Superior Ct. 87, 111 A.2d 178 (1955).[3]

Nor can we conclude that the decedent, at the time of his injury, was actually engaged in the furtherance of the business or affairs of his employer. Going to or from work is not generally considered as furthering the affairs of the employer. *Palko v. Taylor-McCoy Coal & supra.* Exceptions to this rule have been recognized only where the contract of employment includes transportation to and from work or if the employee does not have a fixed place of work or if he is on a special mission for his employer. *Newman v. Congregation of Mercy and Truth,* 196 Pa. Superior Ct. 350, 175 A.2d 160 (1961). There are no such exceptional circumstances here.

The claimant here relies heavily on the fact that the decedent was required to park his car in the parking lot maintained by his employer, to which he was going when injured. The local municipality had apparently required the employer to provide off-street parking for its employees, and the employer had provided parking spaces in this lot which the employees were required to use. The claimant argues, therefore, that the employer's business was being furthered by the decedent's use of the company parking lot and that the decedent was still in the course of employment while on his way to the parking lot.

---

3. In *Ingersoll-Rand Company v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 502, 316 A.2d 673 (1974), we recently held that an employee who had sustained injuries in a fall in his employer's parking lot had been injured upon his employer's premises within the meaning of the Workmen's Compensation Act. If the decedent here had somehow made it across the street to the employer's parking lot before incurring his injuries, he might likewise have been considered to have sustained his injuries on his employer's premises.

There is no evidence, however, that the decedent or any other employees were required to drive to work. Presumably, he or they might have walked or used public transportation. All of the decedent's duties at work could be performed within the buildings at the employer's plant during his shift, so there would be no need for the use of his car in connection with his work. No interest of the employer was served, therefore, by the fact that the decedent employee chose to drive to work. His decision to drive must be considered as having been in the interest of his own convenience, and the requirement that he park in the employer's lot must be viewed simply as a result of that decision.

We conclude, therefore, that the decedent's injuries did not arise in the course of his employment and we issue the following

ORDER

AND, NOW, this 27th day of October, 1975, the decision of the Workmen's Compensation Appeal Board is reversed and benefits are hereby denied to Mabel A. Epler.

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent.

What the majority is doing today is creating a "safety zone," a zone wherein, if an employee is injured, his employer and more specifically, the insurance carrier is free from obligation.

The majority reasons it was the decedent's free decision to drive to work, in his own interest and for his own convenience. Initially, I may agree with this statement; however, I would point out that once having made the decision to drive to his place of employment, the decedent was furthering the interest of his employer by not parking on the highway. Furthermore, it was in the employer's interest to have his employees park in his lot,

444

otherwise why would such a service be provided. Since the employer provided no other means of ingress and egress between the plant and the parking lot, the decedent was compelled to cross the highway. Therefore, I am of the opinion the decedent's death occurred while he was engaged in the furtherance of the business affairs of his employer and I would affirm the opinion and order of the Board.