Workmen's Compensation Appeal Board and Harold DeWolf, Jr., On Behalf of Harold DeWolf, III, Deceased *v.* Fred DelCimmuto, t/a Dell Security Agency, Appellant.

Workmen's Compensation Appeal Board and Fred DelCimmuto, t/a Dell Security Agency *v.* Harold DeWolf, Jr., On Behalf of Harold DeWolf, III, Deceased, Appellant.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Seymour A. Sikov,* with him *Michael I. Hyman,* and *Sikov and Love,* for DelCimmuto.

*Thomas P. Geer,* for DeWolf.

*James N. Diefenderfer,* for Board.

OPINION BY JUDGE CRUMLISH, JR., January 19, 1976:
Appellant-employer, Fred DelCimmuto, t/a Dell Security Agency, appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of lifetime compensation together with burial and hospital expenses to Harold DeWolf, Jr., (Claimant), upon his fatal claim petition filed following the death of his son. We affirm.

Harold DeWolf, III (Decedent), a uniformed security guard, had been assigned to a Pennsylvania state liquor store in Pittsburgh. His duties included the following: 1) to determine that the store door was securely locked and the cash register was cleared at the end of the work day; 2) to accompany store employees to their parked automobiles insuring their safety. On October 2, 1971, after the usual store closing, decedent accompanied the various employees to their cars. Approximately five minutes later, decedent talked with a fellow employee assigned to guard a supermarket adjacent to the liquor store. Shortly thereafter, that employee heard gunshots and later found decedent lying in or about the liquor store parking lot. Decedent subsequently succumbed.

The threshold question for our determination is whether decedent was in the course of his employment

under Section 301 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411 (Act), when he received the fatal wounds. Critical to the Board's conclusion were these additional facts: Decedent's work day extended to 9:30 P.M. and he was paid until that time, notwithstanding the fact that the store closed and the employees departed by 9:00 P.M.; and employer required decedent to return directly to his home at the conclusion of the day when he would remove his uniform and gun, since "he was not permitted to wear his uniform and/or carry his gun in any public place or for any purposes other than his work."

Although the existence of the regulation concerning the wearing of the uniform and carrying of the gun was disputed by various fellow employees, the referee found, and the Board adopted as fact, that there did exist a duty with respect to the time during which decedent was required to remain uniformed. These additional facts persuaded the Board to conclude that the employee while still uniformed as required by his employer, and still carrying a gun during the precise period of the shooting, was within the course of his employment.

Appellant contends that there is well established law which holds that injuries sustained while going to or from work, not on the employer's premises, are not compensable. *See Palko v. Taylor-McCoy Coal & Coke Company,* 289 Pa. 401, 137 A. 625 (1927); *Cymbor v. Binder Coal Company,* 285 Pa. 440, 132 A. 363 (1926); *Del Rossi v. Pennsylvania Turnpike Commission,* 210 Pa. Superior Ct. 485, 233 A. 2d 597 (1967); *Ristine v. Moore,* 190 Pa. Superior Ct. 610, 155 A. 2d 456 (1959); *Harrington v. Workmen's Compensation Appeal Board and City of Philadelphia,* 15 Pa. Commonwealth Ct. 119, 325 A. 2d 337 (1974). However, as Appellant states, the exception to this rule of denying recovery to an injured employee who received injuries while traveling to or from work attaches when the "special circumstance" of furthering

the business of the employer occurs during the period of going to or returning from work. In *Rabenstein v. State Workmen's Insurance Fund*, 15 Pa. Commonwealth Ct. 160, 164, 325 A. 2d 681, 684 (1974), we wrote of these special circumstances by saying "[t]hese special circumstances must involve some clear cut effort on the part of the employee, requested by the employer, which is involved in either going to or coming from work."

We agree with the Board that we are not here confronted with a situation within the general rule. As required by the employer, decedent was still uniformed, still carrying a gun and to that extent was still engaged in furthering the affairs of the employer. Here we have a factual posture where the employer has established a standard that his affairs are not completed until such time as the employee is out of uniform at home. Until such time as that occurs, the employee, deferring to the employer's request of remaining uniformed, and therefore remaining exposed to the perils incident thereto, has incurred a detriment which he would not have otherwise suffered.[1] Although the benefit to the employer may indeed be only minimal in the form of advertising the company name while the employee wears the uniform, the detriment imposed upon the employee of continuing to hold himself out as a security guard is sufficient to bring this within the exception to the general rule of no recovery for injuries incurred while traveling to and

---

1. In fact the referee found as fact that "at the time of the [assailant's] apprehension [they] had in their possession the briefcase and gun belonging to decedent." The robbery or assault motive of an assailant is obviously heightened when an assailant sees a uniformed officer, carrying a gun and briefcase. The officer is subjected to this peril because he remains uniformed. A person in the position of decedent most certainly gives the appearance to a potential assailant that he may be carrying items of value. This appearance is due solely to the employer's regulation and but for that regulation the guard would not be subjected to the same level of peril.

from work. We therefore hold that decedent was in the course of employment under Section 301.

Next, Appellant argues that the referee's findings were unsupported by sufficient competent evidence. He submits that there is evidence which contradicts the proposition relative to the uniform regulation. However, the simple answer to this proposition is that testimony with respect to the request to be uniformed was offered by Fred DelCimmuto, himself, and this testimony established that there was a company rule concerning the wearing of uniforms and the carrying of the gun. As we have said on multifarious occasions, credibility is a determination for the referee. The referee found more credible that testimony establishing a company rule, and we may not overrule that determination. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

The third and final point raised by Appellant is that the referee erred in awarding interest on medical expenses incurred in the treatment of decedent, and that the Board correctly omitted the award of interest thereon. This argument is premised upon the proposition that statutory interest may be awarded *only* on weekly payments and that other items included in the award are not *compensation* as that term is defined in Section 410 of the Act, 77 P.S. §751,[2] Appellant in support of this argument cites to us cases in which courts have awarded interest on weekly installments and reasons therefrom that interest in awardable *only* in such cases. *See e.g.,*

---

2. Section 410 reads in relevant part as follows at the date of decedent's death: "Whenever any claim for *compensation* is presented to the board and is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time of the first payment is made after such adjudication shall bear interest at the rate of six per centum per annum, from the day such claim is presented, and interest shall be payable to the same persons as the *compensation* is payable." (Emphasis added.)

*Hagner v. Alan Wood Steel Co.,* 210 Pa. Superior Ct. 473, 233 A. 2d 923 (1967); *Schach v. Hazle Book Coal Co.,* 155 Pa. Superior Ct. 242, 38 A. 2d 423 (1944); *Petrulo v. M. O'Herron Co.,* 122 Pa. Superior Ct. 163, 186 A. 397 (1936). However, Appellee cites to us *Shank v. Consolidated Coal Co.,* 161 Pa. Superior Ct. 304, 308-09, 54 A. 2d 289, 291 (1947) wherein the Court states:

"Appellant claims interest on the award. His able counsel, who has had practical experience in the administration of the statute, frankly advised us that it has not been the custom to allow interest upon awards for medical services, but argues that medical service is compensation, and therefore interest upon it should follow. We have already held that the word 'compensation,' as employed in various sections of the Workmen's Compensation Act and the Occupational Disease Act, includes medical services. Haley v. Matthews, 104 Pa. Superior Ct. 313, 158 A. 645; Staller v. Staller, 144 Pa. Superior Ct. 83, 18 A. 2d 537. Moreover, even before the enactment of the Act of April 13, 1927, P.L. 186, which was the first act to allow interest, we held that compensation awards bore interest. Kessler v. N. Side Pack Co., 122 Pa. Superior Ct. 565, 186 A. 404. It follows that under the construction heretofore placed upon the statutes an award for medical expenses carries interest from the day the claim is presented. Act of June 21, 1939, P.L. 520, Section 410, 77 P.S. §751."

*Shank* is dispositive.

Consistent with the foregoing, we enter the following

ORDER

AND NOW, this 19th day of January, 1976, it is ordered that Fred DelCimmuto t/a Dell Security Agency, and/or its carrier, Rockwood Insurance Company pay to Claimant lifetime compensation from October 3, 1971 to October 26, 1971, representing 3 and 2/7 weeks at the rate of

$50.52 per week, totaling $166.00. Further, it is ordered that Claimant be reimbursed $750.00 for burial expenses, $19,313.60 with interest of six (6) percent from December 1, 1971 to Presbyterian University Hospital, 230 Lothrop Street, Pittsburgh, Pennsylvania, as well as $30.00 with six (6) percent interest to Dr. Monto Ho, all compensation to bear the statutory interest rate.

PRESIDENT JUDGE BOWMAN dissents.