Pittsburgh Hyatt House, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Solomon J. Kamara, Respondents.

Submitted on briefs, October 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for petitioner.

*Thomas P. Geer,* for respondent, Solomon J. Kamara.

OPINION BY JUDGE ROGERS, November 23, 1981:

The hotel Hyatt House here appeals from the order of the Workmen's Compensation Appeal Board granting benefits to the claimant, Solomon Kamara. We reverse.

The facts are undisputed. The claimant, who was employed as a steward by the Hyatt House, was injured while at work on October 21, 1978, when a tray fell on him from a cart he was pushing, hurting his left eye and breaking his glasses. Since the injury occurred at approximately 11:00 p.m., near the end of his 3:30 p.m. to midnight shift, the claimant's supervisor instructed him to stay at work until the end of the shift when he punched out on his time card. The

supervisor then put the claimant in a taxicab and sent him for treatment to the Central Medical Pavilion which is a very short distance from the Hyatt House. The claimant was treated and released at about 1:25 a.m. Hospital personnel directed him to a nearby bus stop from which he could take a bus to his home. While waiting at the bus stop, the claimant was attacked by two men who took his money, beat him and injured him. The claimant made his way back to the Central Medical Pavilion where he was treated for his new injuries. The claimant returned to work on March 14, 1979. In the ensuing workmen's compensation proceedings the claimant was awarded benefits on account of his injuries at the hands of the assailants at the bus stop as well as for those suffered at the Hyatt House. The employer here challenges only the award for the former.

Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1) provides:

> The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, .... The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation

of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

The following are succinct statements of the law pertinent to this case:

Whether [a claimant] was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts: Wolfingbarger v. Addressograph-Multigraph Corp., 188 Pa. Superior Ct. 136, 146 A.2d 309. In resolving that issue, there is no formula which may be applied to all cases: Rybitski v. Lebowitz, 175 Pa. Superior Ct. 265, 104 A.2d 161. Where the injury occurs off the premises of the employer, compensation may not be awarded unless the employe was actually furthering the employer's business: Anetakis v. Salvation Army, 191 Pa. Superior Ct. 268, 156 A.2d 590. The burden to establish such fact is upon the claimant: Smith v. Frederick Investment Co., 152 Pa. Superior Ct. 534, 33 A.2d 510.

*Newman v. Congregation of Mercy and Truth*, 196 Pa. Superior Ct. 350, 352-53, 175 A.2d 160, 161 (1961).

Going to or from work is not generally considered as furthering the affairs of the employer. Palko v. Taylor-McCoy Coal & [Coke Co., 289 Pa. 401, 137 A. 625 (1927)]. Exceptions to this rule have been recognized only where the contract of employment includes transportation to and from work or if the employee does not have a fixed place of work or if he is on a special mission for his employer.

*North American Rockwell v. Workmen's Compensation Appeal Board,* 21 Pa. Commonwealth Ct. 437, 442, 346 A.2d 379, 382 (1975).

Claimant Kamara from the time he left the Medical Center Pavilion was going home from work. His contract of employment did not include transportation and his employer had not provided him with transportation from the Central Medical Pavilion to his home. His fixed place of work was at Hyatt House. Therefore, in order to recover he was required to place himself within the remaining exception to the general rule that injuries sustained while going from work are not compensable—that provided for the worker who while going from work was on a special mission for his employer, or as otherwise stated, whose "trip home [was] not simply for the convenience of the employe." *LoPresti v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 7, 11, 384 A.2d 1017, 1019 (1978). We believe that Kamara clearly failed to demonstrate that from the time he left Central Medical Pavilion he was on a mission for his employer or was doing otherwise than embarking on his trip home for his own convenience.

The principal authority relied on by the claimant, and the only authority cited by the Workmen's Compensation Appeal Board, in support of the conclusion that the claimant was actually engaged in the furtherance of the business or affairs of Hyatt House when he was at the bus stop is *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975). This case is not authority for an award here because it represents only an application of the exception to the general rule of non--compensability for employes without fixed places of work. The claimant's decedent in *Borough of Plum* was a truck driver who hauled asphalt between an asphalt plant and a job site in another town who was

shot to death by fleeing bank robbers when, having stopped his truck at the side of the road, he was attending to a personal need, or eating lunch. Our holding was that the claimant's decedent was actually engaged in the furtherance of his employer's business— the transporting of asphalt—at the time of his death and that his stop beside the road for his personal comfort was a minor deviation from, not a break in, his engagement in the furtherance of his employer's business. The statement in our opinion to the effect that but for the decedent's hauling of asphalt he would not have been in the place where he was shot, relied on by the claimant in this case, had reference not to the question of whether the decedent was in the course of his employment but to that of whether his death was related to his employment. The "but for" language was not intended for application to determinations of whether the employee's injury was sustained while he was actually engaged in the business or affairs of his employer and certainly not intended to provide that every injury sustained by a worker which would not have been sustained if he had not been employed, including injuries sustained while going to and from work, should be compensable. In sum, *Borough of Plum* was a case involving a worker with no fixed place of employment actually engaged in his employer's business at the time of his death off the employer's premises.

As the following will show, we have carefully reviewed all of the cases cited by the claimant and find none which would support an award under the facts of this case. In *Workmen's Compensation Appeal Board v. Ira Berger & Sons*, 470 Pa. 239, 368 A.2d 282 (1977) the Supreme Court held that a worker's condition of conversion neurosis resulting from the negligent treatment of a compensable injury was compensable as causally related to the original compensable injury.

*Baur v. Mesta Machine Co.,* 393 Pa. 380, 143 A.2d 12 (1958) stands for the proposition that an award under the Workmen's Compensation Law may be had for the death of an employee as the result of improper medical care provided by the employer. In *Hornetz v. Philadelphia & Reading Coal & Iron Co.,* 277 Pa. 40, 120 A. 662 (1923), the Supreme Court upheld an award for the death of a workman due to heart failure during a surgical operation on a finger injured in the course of his employment. The holding of *Vogel v. Jones and Laughlin Steel Corp.,* 221 Pa. Superior Ct. 157, 289 A.2d 158 (1972) was that a claim for aggravation of a work-related injury caused by medical service rendered in the employer's clinic was compensable. In *Cox v. Universal Terminal & Stevedoring Co.,* 206 Pa. Superior Ct. 207, 212 A.2d 909 (1965), the Superior Court held that the claimant's decedent, a foreman in charge of a stevedore gang, was engaged in furthering the business of his employer when, about 15 minutes before the end of his work day, he was shot and killed by a person he had discharged earlier the same day. In *French v. Coff Decorators,* 199 Pa. Superior Ct. 482, 185 A.2d 646 (1962), it was held that a delivery man who, instructed by his employer to take a truck home so that he could start work immediately the following day, was in the course of his employment when injured in an accident on the way to his home with the truck after dining in a restaurant. In *Marshall v. Pittsburgh,* 119 Pa. Superior Ct. 189, 180 A. 733 (1935), the Superior Court held that the death of an employee at home caused by the collapse of his knee which had been injured in a work-related accident was compensable as having been proximately caused by an industrial accident. In *Rigney v. Snellenberg & Co.,* 90 Pa. Superior Ct. 237 (1926) an award for the loss of a worker's hand was upheld where the hand, injured at work, was later rendered useless by the manner in which it was treated

by the claimant's physician. Finally, in *Workmen's Compensation Appeal Board v. DelCimmuto*, 23 Pa. Commonwealth Ct. 43, 350 A.2d 459 (1976), this court upheld an award to the survivor of a security guard whose employer required him to wear his gun and uniform going to and from his work at a Pennsylvania State Liquor Store and who was shot and killed on the liquor store parking lot because the requirement of wearing the uniform and gun, which exposed him to hazard, was a special circumstance involving an effort on the part of the employee, requested by the employer. While one or another of these cases might support an award if the claimant had been injured on the way to the Central Medical Pavilion, or at the Pavilion, or if he had been negligently treated for his injuries suffered in the accident at Hyatt House, none supports the award for his injuries after he left the Pavilion for his trip home.

Finding no support in the law for the award of compensation for the losses and expenses incurred by the claimant in the incident at the bus stop, we are required to and do reverse the order of the Workmen's Compensation Appeal Board and remand the record for the ascertainment of the compensable items relating to the injury to the claimant's eye sustained at his place of employment on which we may enter judgment on praecipe.

### Order

And Now, this 23rd day of November, 1981, the order of the Workmen's Compensation Appeal Board awarding benefits to Solomon J. Kamara is reversed. The record is remanded for the purpose of ascertaining the compensable medical expenses due to the injury to Kamara's eye sustained at his place of employment with respect to which an appropriate judgment will be entered upon praecipe of a party.