487 A.2d 369

Matthew Todd HELINEK, Appellant,

v.

Frank J. HELINEK, Jr., Delva Associates, Inc., Ronald Landis and Edwin S. Bechtel, Inc.

Matthew Todd HELINEK, Appellee

v.

Frank J. HELINEK, Jr., Delva Associates, Inc., Ronald Landis and Edwin S. Bechtel, Inc.

Appeal of Ronald LANDIS and Edwin S. Bechtel, Inc.

Superior Court of Pennsylvania.

Argued Sept. 12, 1984.

Filed Jan. 9, 1985.

Petition for Allowance of Appeal Denied August 2, 1985.

498

William H. Kinkhead, Philadelphia, for appellant (at 1306), and appellee (at 1391).

Richard N. Shapiro, Norristown, for appellant (at 1391).

Richard T. Abell, Ambler, for appellees (at 1306).

Before McEWEN, DEL SOLE and POPOVICH, JJ.

McEWEN, Judge:

Appellant, Matthew Todd Helinek, was a passenger in a car owned by his employer, Delva Associates, Inc., and driven by his father, Frank J. Helinek, an officer/employee of Delva Associates, when the car collided with a truck owned by Edwin S. Bechtel, Inc. and operated by its employee, Ronald Landis. Matthew Helinek instituted suit against Frank J. Helinek, Delva Associates, Ronald Landis and Edwin S. Bechtel, Inc. The trial court, after reviewing the pleadings, depositions, answers to interrogatories and admissions of record, granted summary judgment in favor of Delva Associates and Frank J. Helinek on the ground

that suit against them was barred by Section 205 of the Workmen's Compensation Act.[1] The court concluded that Section 205 of the Act barred suit against these two defendants based upon the court's finding that Matthew Helinek had been injured while acting within the course and scope of his employment with Delva Associates. Appeals from the order granting summary judgment were undertaken by Edwin S. Bechtel, Inc., Ronald Landis and Matthew Helinek and consolidated by this Court. We now reverse the order entering judgment and remand for further proceedings.

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b). *See also Rybas v. Wapner,* 311 Pa.Super. 50, 53, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.,* 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 82, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman,* 322 Pa.Super. 121, 128, 469 A.2d 212, 213 (1983); *Wilk v. Haus,* 313 Pa.Super. 479, 481–82, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra,* 313 Pa.Super. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1971)." *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 141,

---

1. Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 72.

476 A.2d 928, 930–931 (1984). *Accord Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 202–04, 412 A.2d 466, 468–469 (1979); *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 231, 464 A.2d 1313, 1316 (1983).

It is important to note, moreover, that " '[a]ll doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.... A party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one.... *It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts....* Under such circumstances the case *is not* one to be decided by the Trial Judge on a motion for summary judgment.' " *Christman v. Dravo Corporation*, 319 Pa.Super. 378, 380, 466 A.2d 209, 210 (1983) *quoting Wilk v. Haus, supra,* 313 Pa.Super. at 482, 460 A.2d at 290 (emphasis supplied). The expressions of this Court in both *Christman* and *Wilk* are, of course, basic to our decision of this appeal and it is appropriate to note that the eminent Judge William T. Nicholas did not at the time of his decision have the benefit of those opinions for his consideration.

The pleadings, depositions, affidavits, answers to interrogatories and admissions of record in the instant case establish the following undisputed facts: (1) Matthew Todd Helinek was a passenger in a car owned by his employer and operated by his father, a co-employee, when he was injured; (2) Frank J. Helinek was transporting Matthew Helinek to the home of his brother and co-employee so that he could be transported to the job site in another company car along with other co-employees; (3) nine days prior to the accident the father had begun the practice of transporting Matthew Helinek from the family home where they both resided to his brother's home each morning due to the revocation of Matthew's driving privileges; (4) Frank J.

Helinek was President of Delva Associates and Matthew Helinek was employed by Delva Associates as a laborer at a weekly salary of $100.00. Based upon these undisputed facts and in reliance upon the majority opinion of this Court in *Sylvester v. Peruso,* 286 Pa.Super. 225, 428 A.2d 653 (1981), the trial court found that Matthew Helinek was acting within the course and scope of his employment at the time of the accident.

" 'As a general rule the act of going to or returning from work does not constitute a furtherance of the employer's business. As such, an employee so engaged is not engaged in the course of his employment. *Susman v. Kaufmann's Department Store,* 182 Pa.Super. 467, 128 A.2d 173 (1957).' *Sylvester v. Peruso, supra* 286 Pa.Super. at 227, 428 A.2d at 655. Accord: *Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board,* 62 Pa.Cmwlth. 556, 559, 437 A.2d 461, 463 (1981); *LoPresti v. Workmen's Compensation Appeal Board,* 35 Pa.Cmwlth. 7, 11, 384 A.2d 1017, 1019 (1978); *Workmen's Compensation Appeal Board v. DelCimmuto,* 23 Pa.Cmwlth. 43, 45–46, 350 A.2d 459, 460 (1976). See also: *Plummer v. Wesner,* 217 Pa.Super. 24, 26–27, 268 A.2d 144, 145 (1970) allocatur denied August 24, 1970. 'This general rule is subject to an exception if the contract of employment includes transportation to and from work, or if the employe does not have a fixed place of work, or if he is on a special mission for the employer.' *Schick v. Newspaper Guild of Greater Philadelphia,* 25 Pa.Cmwlth. 108, 111, 358 A.2d 127, 129 (1976), quoting *Newman v. Congregation of Mercy and Truth,* 196 Pa.Super. 350, 353, 175 A.2d 160, 162 (1961). Accord: *Setley v. Workmen's Compensation Board,* 69 Pa.Cmwlth. 241, 243–45, 451 A.2d 10, 11 (1982); *Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board, supra,* 62 Pa.Cmwlth. at 559, 437 A.2d at 463; *Davis v. Workmen's Compensation Appeal Board,* 41 Pa.Cmwlth. 262, 265, 398 A.2d 1105, 1106 (1979); *North American Rockwell Corporation v. Workmen's Compensation Appeal Board,* 21 Pa.Cmwlth. 437, 442, 346 A.2d 379, 382

(1975). See also: *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa.Cmwlth. 430, 435, 426 A.2d 749, 751 (1981)." *Hall v. Midland Insurance Co.*, 320 Pa.Super. 281, 285–86, 467 A.2d 324, 327 (1983).

■ The question of whether Matthew Helinek was in the course of his employment when injured is, of course, a question of law to be determined on the basis of the facts of record. *Thompson v. Anthony Crane Rental, Inc.*, 325 Pa.Super. 386, 393, 473 A.2d 120, 124 (1984); *English v. Lehigh County Authority*, 286 Pa.Super. 312, 320–22, 428 A.2d 1343, 1348–1349 (1981); *Davis v. Workmen's Compensation Board, supra*, 41 Pa.Cmwlth. at 263, 398 A.2d at 1106. In passing upon a motion for summary judgment, however, the court is required to give the non-moving party the benefit of *all* reasonable inferences which may be drawn from the facts. *Spain v. Vicente*, 315 Pa.Super. 135, 138, 461 A.2d 833, 835 (1983); *English v. Lehigh County Authority, supra.*

■ There is no evidence of record which would establish that Matthew Helinek's oral contract of employment included transportation to and from work. In fact, no such transportation had been provided until nine days prior to the accident when his driving privileges were revoked. Matthew was on the first part of his journey to his fixed place of work and was not on a special mission for his employer at the time of the accident. There is, in fact, no evidence of record which would establish that Matthew Helinek was furthering the business of his employer at the time of the accident. Rather, when viewed in the light most favorable to the non-moving party, the facts of record give rise to an inference that Frank J. Helinek was acting as a parent rather than as an employee of Delva Associates in providing transportation from the family home to Matthew's brother's home. Moreover, the facts when viewed in the appropriate light, support an inference that Matthew was *not* acting in furtherance of the affairs of his employer at the time of the accident and would not therefore be entitled to workmen's compensation benefit, nor be preclud-

ed from a common law action against Frank J. Helinek or Delva Associates, Inc. *See and compare Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Cmwlth. 35, 340 A.2d 637 (1975).

As a result of our determination that this case was "not among the 'clearest of cases' ripe for summary judgment", *see Huffman v. Aetna Life and Casualty Co.,* 337 Pa.Super. 274, 277, 486 A.2d 1330, 1331 (1984), we reverse the order granting summary judgment in favor of Delva Associates, Inc. and Frank J. Helinek and remand for further proceedings.

Jurisdiction relinquished.