## Zook v. Fun Footwear Company

*Nicholas S. Mattise,* for plaintiff.
*Ralph E. Kates II,* for defendant Fun Footwear.

DALESSANDRO, *J.,* January 13, 1986—This matter is before the court on the preliminary objections filed by defendant Fun Footwear Co., a/k/a Fun-Shu Ltd. to plaintiff's amended complaint.

## HISTORY AND FACTS

Pursuant to a stipulation by counsel filed on July 12, 1985, plaintiff filed an amended complaint on August 5, 1985. The complaint alleges that on December 18, 1982, the 18-year-old plaintiff attended a Christmas party held by his employer, Footwear, and catered by defendant Stefinisko's Catering Service.[1] The complaint further alleges that while at the party, plaintiff was served alcoholic beverages by employees of Stefinisko's; although plaintiff became visibly intoxicated, he continued to be served alcoholic beverages by the employees of Stefinisko's. Plaintiff contends that he left the party and drove a 1973 Oldsmobile owned by his family in a westerly direction on Route A-3802 in Sugarloaf Township; the complaint alleges that because of plaintiff's intoxicated state, he lost control of the vehicle and crashed into a tree. Plaintiff seeks to recover his past and future medical expenses, inter alia, for the injuries which he has suffered in the crash.

On October 10, 1985, Footwear filed preliminary objections in the nature of a demurrer; these pre-

---

1. The complaint alleges that on December 18, 1982, the license from the Pennsylvania Liquor Control Board which was being used by Stefinisko's for the sale of alcoholic beverages in its business was held by defendant McAdoo Fuels Inc.

liminary objections are presently before us for disposition.

## DISCUSSION AND LAW

Footwear demurs to the amended complaint, averring that the allegations which pertain to Footwear fail to prove jurisdiction in this court and indicate that plaintiff's cause of action against Footwear is barred by the Pennsylvania Workmen's Compensation Act, 77 P.S. §1 et seq. In pertinent part, section 303 provides:

*"The liability of an employer under this act shall be exclusive* and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108." (emphasis added) 77 P.S. §481(a).

It is well settled that a demurrer will be sustained only if plaintiff's complaint indicates on its face that the claim cannot be sustained, and the law will not permit a recovery. See *Modesta v. Southeastern Pa. Transp. Auth.,* 300 Pa. Super. 6, 445 A.2d 1271 (1982), reversed on other grounds, 503 Pa. 437, 469 A.2d 1019 (1983). It has been held in Luzerne County as follows:

"In determining whether the pleading states a valid cause of action, we must bear in mind that a preliminary objection in the nature of a demurrer admits every well pleaded material fact and all reasonable inferences deducible therefrom. Furthermore, such an objection should be sustained only where it appears with certainty that upon the facts

averred the law will not permit recovery. *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976). *First Nat'l Bk. of Mocanaqua v. Halliday,* 71 *Luzerne L.R.* 12 (1980), citing *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976).

In pertinent part, section 301 states:

"The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . . The term 'injury arising in the course of his employment,' as used in this article . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment." 77 P.S. §411(1).

In *N. A. Rockwell v. W.C.A.B.,* 21 Pa. Commw. 437, 346 A.2d 379 (1975), the Commonwealth Court interpreted 77 P.S. §411 by stating:

"The statute . . . clearly provides for two distinct categories of injuries which may 'arise in the course of employment': (1) those sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether sustained on or off the employer's premises; and (2) those sustained by the employee on his employer's premises, provided that the injuries are caused by

the condition of the premises or by the operation of the employer's business or affairs thereon and provided that the employee's presence is required thereon by the nature of his employment." *Rockwell* at 440-441, 346 A.2d at 381-382. Because the present plaintiff's injuries did not occur on the premises of Footwear, we must then determine whether or not his injuries arose in the furtherance of the business or affairs of Footwear.

Generally,. under the act, off-premises injuries which do not arise while an employee is actually engaged in the furtherance of the employer's business activities are not compensable; injuries which arise during off-premises activities which are specifically directed by the employer may be compensable under the act. See *Harris v. W.C.A.B.*, 51 Pa. Commw. 470, 414 A.2d 765 (1980).

In the leading appellate decision of *Miller v. Keystone Appl. Inc.*, 133 Pa. Super. 354, 2 A.2d 508 (1938), the Superior Court reviewed a lower court's reversal of an award of compensation by the Workmen's Compensation Board. In *Miller*, decedent was fatally injured in a collision between his automobile and a bus as he was returning home from a picnic given by his employer. The court therein recognized that, "[T]he importance of sustaining the morale of any organization cannot be ignored, and this is often best achieved by such social events, which result in the personnel becoming better acquainted and more interested in their work, and serve as a background for inspirational addresses." *Miller* at 360-361, 2 A.2d at 510. The *Miller* record evidenced that the decedent was told to attend the picnic; additionally, the court recognized the value of such employer-employee outings and finally concluded that the deceased was in the course of his employment when injured in the collision.

In *Feaster v. S. K. Kelso & Sons*, 22 Pa. Commw. 20, 347 A.2d 521 (1975), the Commonwealth Court examined the *Miller* opinion and observed that although the *Miller* court noted that the decedent was directed to attend the picnic, it did "not state that this fact was controlling." *Feaster* at 24, 347 A.2d at 523. In *Feaster,* the award of compensation was affirmed on the following facts which established that the decedent, who drowned at an employer's picnic, met his death while engaged in the furtherance of the business of his employer:

"[T]he picnic at which Mr. Feaster met his death was sponsored by the employer for its employees and their families, that food was supplied by the employer, that the picnic was announced by a poster at the place of employment and that such affairs had become an annual custom with this employer." *Feaster* at 25, 347 A.2d at 524. *Feaster* has since stood for judicial recognition of the importance to employers of social events which sustain good relationships with and the morale of their employees. See *Tredyffrin-Easttown Sch. D. v. Breyer*, 48 Pa. Commw. 81, 408 A.2d 1194 (1979).

Unlike the cases cited above, the case sub judice is a personal injury action at law, rather than an appeal from an award by the Workmen's Compensation Board. For the purposes of this proceeding, we focus on the allegations of the complaint which, in pertinent part, aver:

"(8) On December 18, 1982, defendant Fun Footwear Co., a/k/a Fun-Shu Ltd., held a Christmas party for its employees and sold tickets for the party to its employees.

"(9) The purchase of a ticket entitled the employee to a dinner and open bar.

"(10) The aforementioned Christmas party was held at Stefinisko's Catering hall; . . . .

"(11) Plaintiff purchased a ticket to the aforementioned Christmas party from an employee or agent of defendant Fun Footwear Co., a/k/a Fun-Shu Ltd., acting within the scope of his employment or agency."

According to the deposition of John Stefinisko, owner of McAdoo Fuels Inc., d/b/a Stefinisko's Catering Service, Footwear's employees paid $15 for an individual ticket directly to Footwear. In turn, Stefinisko was paid the entire catering fee by means of Footwear's company check. The purchase of a ticket entitled an employee to the catered meal and to four hours of open bar; however, musical entertainment and security guards were provided by Footwear.

Although the employees of Footwear paid for the cost of their dinners and alcoholic beverages, it is apparent Footwear was concerned with promoting its interest in good relationships with its employees, albeit in a less generous fashion than S. K. Kelso & Sons, the employer in *Feaster,* supra. It appears clearly that the Christmas party was a social event organized and promoted by Footwear to encourage good will, morale and interaction among its employees. Applying the principles of *Miller,* supra, and *Feaster,* supra, to the present case, we conclude that plaintiff's injuries were sustained while he was engaged in the furtherance of the business or affairs of his employer. Accordingly, plaintiff's right to damages against Footwear is limited to relief provided by the Workmen's Compensation Act. Therefore, we grant Footwear's demurrer, and dismiss Footwear as a party from this lawsuit. An appropriate order will be entered.

## ORDER

Now, this January 13, 1986, at 1:30 p.m., it is hereby ordered as follows:

(1) The preliminary objection in the nature of a demurrer, filed by Fun Footwear Co., a/k/a Fun-Shu Ltd., is sustained.

(2) Fun Footwear Co., a/k/a Fun-Shu Ltd., is dismissed as a party from this lawsuit.